**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOSES YALLAH | : | |
| 58944 Trinity Street | : | |
| Philadelphia, PA 19143 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| KIDO NWANI, individually | : | **JURY TRIAL DEMANDED** |
| 1901 Chestnut Street | : | |
| Philadelphia, PA 19103 | : | |
| and | : | |
| LAURETTA HASSANN-NWANI | : | |
| 1901 Chestnut Street | : | |
| Philadelphia, PA 19103 | : | |
| and | : | |
| THE SAINTS RESTAURANT AND | : | |
| LOUNGE | : | |
| 1901 Chestnut Street | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1.     This action has been initiated by Moses Yallah (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s).  Plaintiff asserts herein that he was not paid overtime compensation (while employed) and was unlawfully terminated from his employment for expressing concerns and/or complaints about such unlawful conduct. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. **JURISDICTION AND VENUE**

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. **PARTIES**

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      The Saints Restaurant and Lounge ("Defendant SRL") is a restaurant (focusing on West African cuisine) operating under this fictitious business name at the above-captioned address. Because Defendants refused to pay Plaintiff in a manner other than via cash, Plaintiff did not have access to corporate information (and was not provided with employment-related documentation). *Plaintiff will thus move to amend the instant lawsuit upon receipt of corporate data during discovery.*

8.      Defendants Kido Nwani ("Defendant K-Nwani") and Lauretta Hassann-Nwani ("Defendant L-Nwani") are upon information and belief husband and wife, as well as the owners and operators of Defendant SRL. They upon information and belief also:

(1) Reside in and/or have operated their businesses from 3855 Blair Mill Road, Apartment 247-P, Horsham, PA 19044;

(2) Operate a business known as Nwani Advanced Care, LLC, an "interested entity" in the operations of Defendant SRL according to the Pennsylvania Department of State records. This entity purports to be a homecare provider operated by Defendants K-Nwani and H-Nwani; and

(3) Have operated a business called the Pepper Fish Bar & Restaurant located at 1300 S. 24th Street, Philadelphia, PA 19146.

9.      Defendants K-Nwani and H-Nwani lack meaningful regard for state or federal laws, knowingly pay employees illegally, and they retaliated against Plaintiff by terminating him for complaints of wage and overtime violations. They are individually liable as to their own personal assets (not just those of their corporations).[1]

10.      All named Defendants in this lawsuit shall hereinafter be collectively referred to as "Defendants." At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV.  FACTUAL BACKGROUND

11.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate individual defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

12. Plaintiff was employed by Defendants for approximately three (3) months, from in or about early March of 2026 through in or about early June of 2026.

13. Defendants H-Nwani and K-Nwani opened Defendant SRL in or about May of 2025, and this location focuses on providing upscale African food in the Rittenhouse area of Philadelphia (at the above-captioned address).

14. Plaintiff was hired at $20 per hour to assist where needed within Defendant SRL. As it turned out, Plaintiff was asked to work as a dishwasher, a host, to help in the kitchen, and to also function as security.

15. During Plaintiff's tenure, his typical schedule was to come in the afternoon (usually no later than 3 PM) and to work until at least 2 AM (upon close and cleanup).

16. Plaintiff was regularly working 11 or 12-hour days, and he averaged working six (6) days per week for Defendants. In total, Plaintiff was averaging about 60 – 70 hours each workweek.

17. Defendants run their business with the express intent and knowledge they are exploiting their staff members (in essence using and abusing them while knowingly underpaying them in violation of state and federal laws).

18. Plaintiff was not able to clock in or clock out anywhere, nor was his time recorded by Defendants. Defendants' failure to maintain specific time records violated state and federal laws. *See e.g.* 34 Pa. Code § 63.64; *see also* 29 C.F.R. § 552.110; 29 U.S.C. § 211(c). Where an employer fails to comply with mandatory recordkeeping requirements, an employee should not be prejudiced, and employee approximates or estimates of times worked should be accepted by a court. *See e.g. Abdelkhaleq v. Precision Door of Akron*, 653 F. Supp. 2d 773, 785 (N.D. Ohio 2009).

4

19. Defendants refused to pay employees in a manner other than via cash, and thus Plaintiff and other similarly situated employees were paid unlawfully (and without typical deductions or contributions on their behalf - - as also lawfully required).

20. Plaintiff was never paid at a rate of time and one half, even though Plaintiff was a non-exempt laborer. Defendants intentionally declined to pay Plaintiff any overtime pay after 40 hours per week. Instead, Plaintiff was only paid what is commonly referred to as "straight time" at his regular hourly rate even though he was averaging 20 – 30 hours of overtime per week.

21. In an average workweek, Plaintiff was not paid approximately $250 - $300 in overtime compensation (a violation of both state and federal laws, as set forth *infra*).

22. Not only was Plaintiff a victim of the foregoing abuses, in each payroll period Plaintiff would be told he is only getting for example 20%, 30%, or 50% of his (straight-time) monies owed for the pay period.

23. Defendants were claiming they had budget and financial restraints, were a new company, asked Plaintiff to be loyal and help build the company and wait for his wages, or they would claim having made insufficient money during the days, week, or weeks. This was of course a continuing lie each payroll period as Defendants were just greedy and/or were comingling funds to their own benefit (irrespective of legality).

24. During Plaintiff's last approximate month of employment, he made at least 7-8 complaints that he needed to be paid "overtime," he needed to be paid his "back overtime," and needed to be caught up on his owed wages. Plaintiff had become adamant even saying "it is against the law to not pay" him "overtime."

25. In very close proximity to Plaintiff's final complaint wherein Plaintiff was saying it was "against the law" not to pay "overtime," Plaintiff was told by Defendant K-Nwani: "You

don't work here anymore" and Plaintiff was terminated. Plaintiff was given no reason, as there was no non-retaliatory justification for Plaintiff's termination.

26.     As of Plaintiff's termination on or about June 6, 2026, Plaintiff had never been paid overtime compensation, and he was still owed approximately $2,000.00 in unpaid wages in general from so many ongoing shortages of his straight-time pay (separate from owed overtime compensation).

27.     Plaintiff was not the only victim of such exploitation outlined *supra*, as both former and current employees endured similar ongoing abuses (and unlawful pay).

28.     The concerns Plaintiff raised as aforesaid (as to unpaid overtime compensation), were statutorily protected concerns under the FLSA. *See e.g. Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) (any informal or oral complaints to management of overtime concerns are statutorily protected under the FLSA).

29.     Plaintiff was terminated due to his aforesaid protected activities, and he is separately owed unpaid wages (approximately $2,000.00) and unpaid overtime compensation (approximately $4,000.00). These sums do not take into consideration automatic or mandatory liquidated damages. Plaintiff is also entitled to (separately) past and future lost wages, emotional distress, damages, and punitive damages (among other legal and equitable relief) arising out of his retaliatory termination from employment.

30.     As aforesaid, all decision making about the unlawful pay and unlawful (retaliatory) termination were made jointly by Defendants K-Nwani and H-Nwani are who are individually liable as to their own personal assets for all of Plaintiff's unpaid wages, overtime,

6

emotional distress, past and future lost wages, and other statutory damages (including but not limited to legal fees, liquidated or punitive damages, and costs).[2]

31.    These individual Defendants have engaged in such abuses amongst many others, not just Plaintiff. Their unlawful actions are malicious, calculated, and part of how they run their overall enterprise(s).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Wrongful Discharge)**
**- Against All Defendants -**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff was terminated by Defendants for expressing concerns about unpaid overtime compensation (in violation of the FLSA).

34.    Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

---

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate underlined individual defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Defendants did not pay Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week.

37.    Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

38.    Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

39.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.    Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA, warranting such pay and liquidated damages.

**Count IV**
**Violations of the Pennsylvania Wage Payment & Collection Law ("WPCL")**
**(Failure to Pay Owed Wages)**
**- Against All Defendants -**

41.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.    Plaintiff was not paid approximately $2,000.00 in unpaid wages as of his termination from employment (separate from his unpaid overtime compensation).

8

43.     Defendants' failure to pay Plaintiff all owed wages constitute a violation of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations and retaliation;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.     Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: June 23, 2026

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | | |
|---|---|---|---|
| Moses Yallah | : | CIVIL ACTION | |
| v. | : | | |
| Kido Nwani, et al. | : | NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 6/23/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☒ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

YALLAH, MOSES

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

NWANI, KIDO, ET AL.

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  6/23/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____